WHEATSTONE CERAMICS CORPORATION, APPELLEE, *v.* TURNER ET AL., APPELLANTS.

(No. CA85-10-070 — Decided March 17, 1986.)

Herdman & Herdman, *Jillora Herdman Cesta* and *Paul Herdman,* for appellee.

*Michael J. Long,* for appellants.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Warren County.

This is an appeal by defendants-appellants, William A. Turner and Stella Turner, from a decision of the Warren County Court of Common Pleas which found that appellants had defaulted on their promissory note with plaintiff-appellee, Wheatstone Ceramics Corporation, and that, consequently, appellee was entitled to accelerate the balance due and foreclose its mortgage.

On August 18, 1978, appellants purchased an eighteen-acre tract of land in Wayne Township, Warren County, Ohio, for $275,000. For purposes of this appeal, the most significant financial aspect of this transaction was a one-page promissory note also dated August 18, 1978. The pertinent portion of the promissory note provides as follows:

"This note is secured by a mortgage of even date. herewith, executed and delivered by William A. Turner and Stella Turner and which is a 1st lien on land situated in Wayne Township, Warren County, Ohio, fully described in said mortgage. *If any installment of interest or principal be not paid when due, or within sixty (60) days thereafter, or if default be made in the performance of any of the agreements or conditions of said mortgage, the entire unpaid balance shall become immediately due and payable at the option of the holder hereof.*" (Emphasis added.)

The tract of land in issue here con-

tained a number of mobile home pads and campsites. At one of the mobile home sites, June Spears lived. The dispute leading to the foreclosure action, and eventually this appeal, occurred when appellants in May 1984 withheld $1,416 from the agreed monthly note payment of $1,546.50, tendering only a check for $130.50. Appellants claimed they were entitled to withhold the $1,416 because it represented back rent owed them by June Spears. They further claimed in a letter sent to Harold Skinkle, the President of appellee Wheatstone Ceramics Corporation, that he had assured them he would pay any rent she failed to pay. Skinkle denied he promised to guarantee Spears' rent although he admitted he had sold her the mobile home she occupied in appellants' park. Except for the deduction of the $1,416 in May 1984, appellants have made all other payments when due. According to the transcript of proceedings, appellee had never gone for sixty days without receiving a full monthly payment of $1,546.50.

Presented with the above evidence, the trial court concluded that appellants had defaulted upon their promissory note with appellee by withholding the $1,416 from the May 1984 payment even though all subsequent payments until the trial date were made in full and accepted by appellee, and even though no sixty-day period had ever transpired in which appellants were one full payment in arrears.

Appellants raise three assignments of error which we have reworded to assist the reader's understanding:

(1) The trial court erred in concluding that the note given by the Turners to Wheatstone Ceramics Corporation was in default and in permitting its acceleration and foreclosure.

(2) The trial court erred in not finding Wheatstone Ceramics Corporation's acceptance of monthly payments after the alleged default up to the date of the trial constituted a waiver of the defendants' default.

(3) The decision and judgment of the trial court was contrary to law and against the weight of the evidence.

Appellants' first assignment of error asks this court to examine the trial court's determination that there was a default upon this note. To do this we have examined the parties' note and mortgage[1] and applied general contract law principles.

A close examination of the note's key language reveals it contains two separate but related clauses concerning default based upon nonpayment of interest and/or principal. According to the note, the borrowers shall pay the note's principal and interest installments when due *or* within sixty days thereafter. Use of the word "or" is a function word to indicate an alternative between different or unlike things. *Toledo* v. *Lucas Cty. Budget Comm.* (1973), 33 Ohio St. 2d 62, 64, 62 O.O. 2d 413, 414, 294 N.E.2d 661, 662. Thus, the essence of the Turners' principal and interest payment obligation was to pay each installment when due or within sixty days after its due date. Significantly, the note refers only to nonpayment of installments and not nonpayment of any part of a single installment. Having discerned the content of appellants' obligation to pay principal and interest, we can determine what constitutes a default.

*Beneficial Mortgage Co.* v. *Grover* (July 20, 1983), Seneca App. No. 13-82-41, unreported, at 7, defines "default" as a " 'failure to do something required by duty or law' " and " 'a failure to pay financial

---

[1] The parties had only a statutory mortgage which did not address repayment specifically.

debts.' '' Had the note not contained the second clause, there is no question that appellants' failure to pay one full installment when due would have constituted a default and entitled appellee to foreclose its mortgage. However, since there are two clauses in the note, we must examine both.

The second clause of the note contains what is known in insurance law as a grace period. When dealing with notes, the term more commonly used is "days of grace." Days of grace means a period of time is allowed as a matter of favor or grace, and not of right, for a person having a contractual duty to complete the agreed obligation after the original performance date has passed. *Bell* v. *First Natl. Bank of Chicago* (1885), 115 U.S. 373. According to *Bell*, performance of the agreed consideration within the grace period is the same as a performance by the original due date.

In this case, appellants did not tender a full payment for May 1984. However, within the sixty days of grace granted them by their note they did make a payment of another $1,546.50, albeit intended as the June 1984 payment. Since appellants, according to the transcript of proceedings, have made all monthly payments since the May 1984 partial payment, until the date their mortgage was foreclosed, there has never been a sixty-day grace period in which a full payment was not received, whether it came in the form of one or more monthly payments. Thus, while as of May 1984 appellants may have been $1,416 in arrears, prior to the court's granting foreclosure of appellants' mortgage they had never been one full month's payment (an installment) in arrears for sixty days, the stated grace period.

It is an axiom of our jurisprudence that the law abhors a forfeiture. *Ensel* v. *Lumber Ins. Co. of New York* (1913),

88 Ohio St. 269, 281, 102 N.E. 955, 959. Since this note expressly conditions the right to accelerate the balance due upon an installment being in default for sixty days, and since this was not the case here, we conclude that the trial court erred in declaring the mortgage foreclosed. Our examination of a recent Ohio decision sustains the notion that the question of whether a borrower is in default on his note is a separate question from whether the borrower's equity of redemption in his mortgage should be cut off. *City Loan & Savings Co.* v. *Howard* (1984), 16 Ohio App. 3d 185, 16 OBR 195, 475 N.E. 2d 154. The first question is one of law and the second question one of equity. *Howard, supra.* We find the trial court could and did properly determine appellants owe appellee $1,416 for not making their May 1984 payment based on the evidence presented. However, we find the trial court erred in entering a judgment accelerating the balance due and foreclosing appellants' mortgage where the note only contemplates acceleration of the amount due upon default of an installment for sixty days and no installment was ever sixty days late. We therefore sustain the first assignment of error so far as it relates to the trial court's decision to foreclose the mortgage; but we affirm that part of the trial court's judgment finding appellants owe appellee $1,416.

In light of our disposition of the first assignment of error, we find the second and third assignments of error are moot.

Based on our disposition of this matter, the trial court's judgment finding appellants owe appellee $1,416 is affirmed and that portion of the trial court's judgment finding the mortgage balance to be accelerated and foreclosing appellants' equity of redemption is reversed. The matter is remanded to the trial court.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed in part and reversed in part and the cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment accordingly.*

KOEHLER, P.J., JONES and HENDRICKSON, JJ., concur.