OPINION
Appellants, Ohio Convenient Food Mart, Inc. and Convenient Food Mart, Inc., appeal from a decision of the Painesville Municipal Court in a forcible entry and detainer action. The following facts are relevant to a determination of this appeal.
Appellees, Van and Dalene Kelly, as lessors, were parties to a lease agreement entered into with Ohio Convenient Food Mart, Inc. (and Convenient Food Mart, Inc. as the successor-in-interest) as lessees, dated September 30, 1986, for the premises located at 5068 North Ridge Road in Perry, Ohio. The lease term was fifteen years.
In the summer of 1998, the rent check due in June arrived in appellees' hands on July 16, 1998. The July check, due by July 1st, had not been received by appellees as of July 9th resulting in the issuance of a three-day notice on that date. Then, on July 16th, appellees filed the underlying forcible entry and detainer action. Appellees received the July rent check on July 22, 1998. The case was scheduled for an eviction hearing on July 30, 1998. Due to a series of conflicts, appellants filed a string of motions for continuances, with the eviction hearing eventually being pushed back until October 29, 1998. During the relevant time period, appellants deposited the rent checks with the trial court. On October 28, 1998, appellants filed a motion to dismiss appellees' complaint.
It is apparent that on the day of the final hearing, October 29, 1998, the parties submitted a stipulation of facts.[1]
However, the trial court conducted an evidentiary hearing, took testimony from witnesses, and admitted certain exhibits on that date as scheduled. On November 20, 1998, the trial court issued its decision overruling appellants' motion to dismiss, and granting appellees' complaint for forcible entry and detainer. The court further ordered that all rental amounts that had been deposited with the court be released to appellees.
Appellants timely filed a notice of appeal and has now set forth the following assignments of error:
 "1. The trial court erred to the prejudice of Defendants in awarding restitution and forfeiture of the Lease Agreement to Plaintiffs because Plaintiffs failed to satisfy the requirements to maintain and prosecute a forcible entry and detainer action as a matter of law.
 "2. Even if the Plaintiffs satisfied the requirements for a forcible entry and detainer action, the trial court abused its discretion to the prejudice of Defendants in granting a forfeiture of the lease and restitution of the Premises because such forfeiture and restitution was inequitable under the circumstances."
 In appellants' first assignment of error, they contend that the trial court erred in awarding restitution and forfeiture of the lease agreement because appellees failed to satisfy the requirements to maintain and prosecute a forcible entry and detainer action as a matter of law.
Appellees claim that this court cannot even consider this assignment of error because appellants have failed to provide this court with a transcript from the final hearing, or an App.R. 9(C) or 9(D) statement in lieu of a transcript. We disagree. App.R. 9(B) provides that an appellant only needs to provide the appellate court with such evidence as is relevant to the findings or conclusions. After reviewing the record, we conclude that appellants have provided this court with everything necessary to make a determination on the issue before us. Specifically, the parties presented stipulated facts to the trial court which are part of the record and subject to our review. Within those stipulations, the parties agree as to the significant dates, and they have attached a copy of the lease agreement.
Therefore, we will address appellants' first assignment of error on its merits. Specifically, appellants assert that pursuant to the terms of the lease agreement, it was entitled to thirty days to cure any alleged defect prior to the commencement of any eviction proceedings, and that it was not given the required thirty days. We agree.
Section 17 of the lease agreement provides, in part:
 "RE-ENTRY UPON DEFAULT "(a) If Lessee shall make default in the covenants, agreements, conditions or undertakings herein contained to be kept, observed and performed by the Lessee, and such default shall continue for thirty (30) days after notice thereof in writing to the Lessee . . . then, in any such event, it shall be lawful for the Lessor, at its election, to declare the said term ended and re-enter the said demised premises and the buildings and improvements then situated thereon or any part thereof, either with or without process of law, and to expel, remove, and put out the Lessee. . . ."
 It is clear from the foregoing language that once lessee defaults, lessor must give lessee thirty-day's notice before declaring a forfeiture of the lease. Appellee did not give appellant thirty-day's notice in the present case before instituting the forcible entry and detainer action. Thus, it appears that appellees failed to act in accordance with the terms of the lease and, accordingly, it was error for the trial court to grant summary judgment in favor of appellees.
In Ohio, the law abhors a forfeiture and a landlord must strictly comply with the terms of a lease before instituting forfeiture proceedings. Wheatstone Ceramics Corp. v. Turner
(1986), 32 Ohio App.3d 21, 23; ACME Precision Building Ltd. v.Dayton Forging (S.D.Ohio 1982), 23 B.R. 79, 84 (applying Ohio law.) In the case sub judice, the parties bargained for the cure provision found in Section 17(a). If any other position were adopted, then Section 17(a) would become meaningless. Clearly, Section 17(a) is an important part of the lease agreement as it is the only provision that addresses the landlord's right to reenter the premises. A forcible entry and detainer action is a proceeding grounded in statutory law that provides for reentry to the premises. Under the specific terms of the lease agreement in question, before appellees invoked any procedure to gain reentry onto the property, appellees were required to first give appellants notice of the default and allow appellants thirty days to cure the default.
Accordingly, we hold that appellees' forcible entry and detainer action was premature as proper notice had not been given to appellants pursuant to Section 17(a) of the lease agreement. Thus, appellants' first assignment of error is sustained. Based upon this decision, appellants' second assignment of error is moot and need not be addressed pursuant to App.R. 12(A)(1)(c).
The decision of the trial court granting summary judgment in favor of appellees is reversed, and judgment is entered in favor of appellants.
NADER, P.J., DONOFRIO, J., Ret., Seventh Appellate District, sitting by assignment, concur.
[1] We note that the stipulation of facts was stamped "received" by the trial court on October 29, 1998, but it was not time-stamped "filed" until November 23, 1998.