OPINION
Appellant, Convenient Food Mart, Inc., appeals a decision of the Painesville Municipal Court granting summary judgment in favor of appellee, Josephine Holmes, in a forcible entry and detainer action. The following facts are relevant to a determination of this appeal.
Appellee, as lessor, and appellant, as lessee, entered into a ten-year lease agreement on July 18, 1986, for the premises located at 1520 Madison Avenue, Painesville Township, Ohio. The lease agreement gave appellant two five-year renewal options, the first of which appellant exercised in 1996. Pursuant to the terms of the lease, rent was due in advance, on the first day of each month.
In January 1998, Oak Real Estate, Ltd. became agent for the management of numerous Convenient Food Mart locations throughout Ohio. On January 23, 1998, appellant sent a letter to appellee advising her of this fact and further advising her that all correspondence should be sent to Oak Real Estate's offices in Skokie, Illinois.
The April 1998 rent check was mailed to appellee on April 9, 1998, while the May check was even more tardy, being sent on May 12, 1998. The June check did not arrive during the month of June, so on July 6, 1998, appellee served appellant with a three-day notice to vacate the premises. This was the first notice given to appellant of a problem with the rent payments. On July 9, 1998, appellant sent a rent check for June. Appellee returned the check and informed appellant that it was proceeding with eviction proceedings. On July 15, 1998, appellee filed a forcible entry and detainer action in the Painesville Municipal Court.
Subsequently, both parties submitted motions for summary judgment. Based upon the motions and replies received by the trial court, on November 24, 1998, it granted appellee's motion for summary judgment and granted restitution of the premises to appellee, and ordered that all monies which had been deposited with the court during the pendency of the action be released to appellee.
Appellant timely filed a notice of appeal and has now set forth the following assignments of error:
 "1. The trial court erred to the prejudice of Defendant in awarding restitution and forfeiture of the Lease Agreement to Plaintiff because Plaintiff failed to satisfy the requirements to maintain and prosecute a forcible entry and detainer action as a matter of law.
 "2. Even if Plaintiff satisfied the requirements for a forcible entry and detainer action, the trial court abused its discretion to the prejudice of Defendant in granting a forfeiture of the lease and restitution of the Premises because such forfeiture and restitution was inequitable under the circumstances."
 In the first assignment of error, appellant contends that the trial court erred in awarding restitution and forfeiture of the lease because appellee failed to satisfy the requirements to maintain and prosecute a forcible entry and detainer action as a matter of law. Specifically, appellant asserts that pursuant to the terms of the lease agreement, it was entitled to thirty days to cure any alleged defect prior to the commencement of any eviction proceedings, and that it was not given the required thirty days. We agree.
Section 16 of the lease agreement provides, in part:
 "RE-ENTRY UPON DEFAULT "(a) If Lessee shall make default in the covenants, agreements, conditions or undertakings herein contained to be kept, observed and performed by the Lessee, and such default shall continue for thirty (30) days after notice thereof in writing to the Lessee . . . then, in any such event, it shall be lawful for the Lessor, at its election, to declare the said term ended and re-enter the said demised premises and the buildings and improvements then situated thereon or any part thereof, either with or without process of law, and to expel, remove, and put out the Lessee. . . ."
 It is clear from the foregoing language that once lessee defaults, lessor must give lessee thirty-day's notice before declaring a forfeiture of the lease. Appellee did not give appellant thirty-day's notice in the present case before instituting the forcible entry and detainer action. Thus, it would appear that appellee failed to act in accordance with the terms of the lease and, accordingly, it was error for the trial court to grant summary judgment in favor of appellee.
In response, appellee argues that the aforementioned procedure outlined in Section 16(a) of the lease agreement is not the exclusive method of terminating the lease. Instead, it is appellee's assertion that she chose a different alternative that did not require thirty-day notice. Appellee bases her argument in part on Section 16(b) of the lease agreement which states, in relevant part:
 "The foregoing provisions for the termination of this lease for any default of any of its covenants shall not operate to exclude or suspend any other remedy of Lessor for breach of any of said covenants. . . ."
Additionally, Section 17(a) of the lease agreement states, in pertinent part:
 "No remedy herein or otherwise conferred upon or reserved to Lessor shall be considered exclusive of any other remedy but the same shall be cumulative and shall be in addition to every other remedy given hereunder or now or hereafter existing at law or in equity or by statute, and every power and remedy given by this lease to Lessor may be exercised from time to time and as often as occasion may arise or as may be deemed expedient."
 Appellee claims that the foregoing provisions created the option of not proceeding under Section 16(a) but, instead, following the path set forth in the Ohio Revised Code. R.C. Chapter 1923, which addresses forcible entries and detainers, gives a landlord the right to institute a forcible entry and detainer action three days after giving written notice to the tenant to leave the premises, ASSUMING THERE HAS BEEN A BREACH OF A LEASE AGREEMENT. See R.C. 1923.04.
We disagree with appellee's position. In Ohio, the law abhors a forfeiture and a landlord must strictly comply with the terms of a lease before instituting forfeiture proceedings.Wheatstone Ceramics Corp. v. Turner (1986), 32 Ohio App.3d 21,23; ACME Precision Building, Ltd. v. Dayton Forging (S.D.Ohio 1982), 23 B.R. 79, 84 (applying Ohio law.) In the case subjudice, the parties bargained for the cure provision found in Section 16(a). If appellee's position were adopted, then Section 16(a) would become meaningless. Clearly, Section 16(a) is an important part of the lease agreement as it is the only provision that addresses the landlord's right to reenter the premises. A forcible entry and detainer action is a proceeding grounded in statutory law that provides for reentry to the premises. Under the specific terms of the lease agreement in question, before appellee invoked any procedure to gain reentry onto the property, appellee was required to first give appellant notice of the default and allow appellant thirty days to cure the default. While appellee had a choice of remedies under the lease, we must conclude that no matter which path appellee chose to follow, she still had an obligation to provide notice of the default to appellant and to allow appellant the opportunity to cure.
Accordingly, we hold that appellee's forcible entry and detainer action was premature as proper notice had not been given to appellant pursuant to Section 16(a) of the lease agreement. Thus, appellant's first assignment of error is sustained. Based upon this decision, appellant's second assignment of error is moot and need not be addressed pursuant to App.R. 12(A)(1)(c).
The decision of the trial court granting summary judgment in favor of appellee is reversed, and judgment is entered in favor of appellant.
NADER, P.J., DONOFRIO, J., Ret., Seventh Appellate District, sitting by assignment.