This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Robert Reddish and Latricia Reddish, appeal from the decision of the Medina County Court of Common Pleas, granting summary judgment to Appellee, Fifth Third Bank ("Fifth Third"). We affirm.
{¶ 2} On October 27, 1997, Mr. and Mrs. Reddish executed a note to State Savings Bank for the sum of $141,600.00 plus 8.5% interest per annum. Fifth Third thereafter became the successor to the note and mortgage when it merged with State Savings Bank. The note was secured by a mortgage on Mr. and Mrs. Reddishes' residence located at 10890 Old Mill Road, Spencer, Ohio ("Old Mill Road Property"). This loan was considered a "blanket loan;" the $141,600.00 covered both the refinancing for the Reddishes' former home at 6377 Lockhaven Drive ("Lockhaven Property"), and their new purchase of the Old Mill Road Property. Under the terms of the loan, when the Reddishes sold the Lockhaven Property, they had the option of applying the proceeds to the loan, thereby reducing the principal and interest payment. This is not refinancing the loan, rather, it is a "recast" of the loan. If the loan was recast, the term of the mortgage and the interest rate would remain the same, but the monthly payment would be lower. The Reddishes had the option to recast their payment after the sale of the Lockhaven Property as long as all their payments were made on time and their employment and credit had not changed.
{¶ 3} The first payment on the note was due on November 1, 1997. Mr. and Mrs. Reddish assert that they timely sent the first check. However, Fifth Third did not receive the check, and therefore deemed Mr. and Mrs. Reddish late in their payments. Fifth Third sent a "past due notice" to Mr. and Mrs. Reddish. The notice stated that, if payment had already been sent, to disregard the notice. Because Mr. and Mrs. Reddish allegedly already sent the check, they assert that they disregarded the notice. In April of 1998, Pat Hayduk, a loan officer for State Savings Bank (now Fifth Third), informed Mr. and Mrs. Reddish that they were late with their first payment. As a result, Mr. and Mrs. Reddish gave Pat Hayduk a check for the first payment the same day that she called them. The Reddishes allege that Pat Hayduk told them that "everything would be straightened out."
{¶ 4} Mr. and Mrs. Reddish also allege that Pat Hayduk verbally agreed to change the interest rate on their loan once they paid down the principal of the loan with the proceeds of the sale of the Lockhaven Property. Fifth Third denies any verbal agreement.
{¶ 5} Subsequently, Mr. and Mrs. Reddish sold the Lockhaven Property and used the proceeds to reduce the principle amount owing on the loan. Although the principle of the loan was reduced, Fifth Third found that the Reddishes were not qualified for a recast of their loan because their first payment was late. Therefore, Mr. and Mrs. Reddish had to continue making the same monthly payment amount rather than the lower amount they would have received had they been eligible for the recast.
{¶ 6} Mr. and Mrs. Reddish have not made a payment on the loan since January of 1999. On July 2, 2001, Fifth Third filed a complaint for judgment on the note and foreclosure on the mortgage securing the note. The unpaid balance due is $110,207.31, plus interest at 8.5 percent per annum since January 1, 1999.
{¶ 7} Mr. and Mrs. Reddish asserted two counterclaims against Fifth Third, alleging that Fifth Third's actions constituted "misfeasance, malfeasance and nonfeasance" and breach of contract, thereby negating Mr. and Mrs. Reddishes' duty to perform. On October 26, 2001, Fifth Third filed a motion for summary judgment on their complaint.
{¶ 8} On December 17, 2001, the magistrate granted Fifth Third's motion for summary judgment. Mr. and Mrs. Reddish filed objections to the magistrate's decision and a motion to clarify the magistrate's decision. On January 23, 2002, in a journal entry, the trial court adopted the magistrate's decision granting Fifth Third's motion for summary judgment. The trial court also clarified the magistrate's decision with regard to the Reddishes' counterclaims by finding that the factual issues raised by the Reddishes' "are immaterial to the cause of action for foreclosure." On January 29, 2002, the trial court entered a judgment decree and foreclosure. This appeal followed.
{¶ 9} Mr. and Mrs. Reddish assert two assignments of error. We will address each in turn.
 First Assignment of Error {¶ 10} "THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF-APPELLEE'S COMPLAINT AND DEFENDANTS'-APPELLANTS' COUNTERCLAIM BECAUSE THERE ARE ISSUES OF FACT THAT SHOULD BE SUBMITTED TO A JURY."
{¶ 11} In their first assignment of error, Mr. and Mrs. Reddish assert that the granting of summary judgment was improper because there remained genuine issues of material fact. We disagree.
{¶ 12} Pursuant to Civ.R. 56(C), summary judgment is proper if there is no remaining issue of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and, when viewing evidence in favor of the non-moving party, reasonable minds can come to but one conclusion. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc.
(1986), 477 U.S. 242, 248, 91 L.Ed.2d 202.
{¶ 13} A court may only grant summary judgment if the moving party is entitled to judgment as a matter of law. "There is no `default' summary judgment under Ohio law." Maust v. Palmer (1994),94 Ohio App.3d 764, 769. Even if no memorandum in opposition to a motion for summary judgment is filed, the moving party must still meet its burden under Dresher. See Morris v. Ohio Cas. Ins. Co. (1988),35 Ohio St.3d 45, 47.
{¶ 14} Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. An appellate court reviews "the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." Am.Energy Servs. v. Lekan (1992), 75 Ohio App.3d 205, 208.
{¶ 15} In support of their motion for summary judgment, Fifth Third attached a copy of the note and mortgage signed by Mr. and Mrs. Reddish. The note defines "default" as "If I do not pay the full amount of each monthly payment on the date it is due, I will be in default." The note further states that:
 {¶ 16} "If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount."
{¶ 17} In support of its motion, Fifth Third also attached an affidavit of Amanda J. Giordane, Foreclosure Processor of Fifth Third. In her affidavit, she stated that Fifth Third is the holder of the note and mortgage that is the subject of this foreclosure and that there has been a default in payment under the terms of the note and mortgage.
{¶ 18} In Ohio, once a default in payment has occurred under the terms of a note, and the note has been accelerated, the holder of the note is entitled to judgment. Metro. Sav. Bank v. Papadelis (Sept. 13, 1995), 9th Dist. No. 2380-M, see, also, Home Sav. of Am., FSB v. Odita
(Sept. 30, 1994), 10th Dist. No. 94APE03-293. Fifth Third established that Mr. and Mrs. Reddish are in default on the note. The note states that Fifth Third may elect to accelerate the note upon default. The Reddishes did not present any facts showing a genuine issue regarding the default. There are no genuine issues of material fact concerning the default.
{¶ 19} Mr. and Mrs. Reddish contend that, even if they are in default on the note, the issues raised in their counterclaims are genuine issues of material fact that preclude summary judgment. The Reddishes argue that Fifth Third improperly refused to recast the loan, and that because their payments were not recast, the Reddishes could not afford the payments. Therefore, the Reddishes allege that it is Fifth Third's fault that the Reddishes defaulted. This argument is without merit.
{¶ 20} This court notes that it is the mortgagor's responsibility to make sure the mortgage payment is timely made. See, generally,Rosselot v. Heimbrock (1988), 54 Ohio App.3d 103, 105. Mailing the payment does not determine that the payment was timely. Id. "[T]he determinative factor for purposes of default is the date the payment was received by the mortgagee." Id.
{¶ 21} The agreement between the Reddishes and Fifth Third to recast the loan was contingent on the Reddishes making timely payments. The Reddishes' first payment was not timely received. While there may be a dispute as to why the payment was not received by Fifth Third and whether the loan should be recast, this is not a factual dispute that affects the outcome of the case. As previously noted, only factual disputes that affect the outcome of the case will preclude summary judgment. Anderson, supra. In the present case, it is undisputed that the Reddishes have not made a payment on their loan since January of 1999. Fifth Third's refusal to recast the payments is not a material issue to the Reddishes' default on their loan.
{¶ 22} The Reddishes also argue that Fifth Third breached their oral agreement to recast the payments and to change the variable interest rate to a fixed interest rate. The Reddishes allege that Pat Hayduk verbally agreed that "everything would be straightened out" regarding the initial missed payment so that the Reddishes would still qualify for the recast of their loan.
{¶ 23} In Ohio, the statute of frauds is found in R.C. Chapter 1335. Ed Schory Sons, Inc. v. Soc. Natl. Bank (1996),75 Ohio St.3d 433, 438. R.C. 1335.05 requires that:
 {¶ 24} "[n]o action shall be brought whereby to charge * * * a person * * * upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."
{¶ 25} According to the plain language of the statute, a claim regarding any interest in land cannot be brought, as a matter of law, unless the agreement at issue was reduced to writing, signed by the party to be charged and produced. Michel v. Bush (2001), 146 Ohio App.3d 208,212. The record in the present case does not contain any written agreement signed by Fifth Third, or its representatives, to indicate that the loan would be recast in spite of the late payment or that the interest rate would change prior to the time specified in the note. The statute of frauds applies to this case and an oral agreement cannot be considered.
{¶ 26} We hold that there are no genuine issues of material fact with regard to the default or Mr. and Mrs. Reddishes' counterclaims. Viewing the evidence in a light most favorable to the Reddishes, reasonable minds can come to but one conclusion, and that is adverse to the Reddishes. The trial court properly granted summary judgment. Mr. and Mrs. Reddishes' first assignment of error is overruled.
 Second Assignment of Error {¶ 27} "THE TRIAL COURT ERRED IN HOLDING THAT THE PROMISSORY NOTE IN QUESTION AND EXECUTED BY DEFENDANTS-APPELLANTS ROBERT A. REDDISH AND LATRICIA L. REDDISH COULD NOT BE ALTERED BY A VERBAL AGREEMENT."
{¶ 28} In their second assignment of error, Mr. and Mrs. Reddish argue that the trial court erred by finding that the alleged oral agreement between the Reddishes and Pat Hayduk of Fifth Third was barred by the statute of frauds. We disagree.
{¶ 29} As discussed in the first assignment of error, this court agrees with the trial court's determination that the statute of frauds applies because this action is a claim regarding an interest in land and the alleged oral agreement cannot be considered.
{¶ 30} Mr. and Mrs. Reddish argue that, even if the statute of frauds applies, this agreement falls within an exception to the statute of frauds. An oral agreement may be removed from the statute of frauds when there has been a partial performance of the agreement and the party relying on the agreement has changed his position to his detriment making it impossible or impractical to return the parties to their original status. Figetakis v. Smith (Mar. 4, 1998), 9th Dist. No. 18393.
{¶ 31} In the present case, the Reddishes do not meet the requirements under this exception because they did not change their position to their detriment. The option to recast was always contingent on all payments being timely. The Reddishes did not change their position by continuing to make mortgage payments according to the contract. The trial court properly held that the note was not altered by a verbal agreement. Mr. and Mrs. Reddishes' second assignment of error is overruled.
{¶ 32} Mr. and Mrs. Reddishes' assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
SLABY, P.J., WHITMORE, J. CONCUR.