[Cite as *U.S. Bank, N.A. v. Bryant*, 2013-Ohio-3993.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| U.S. BANK, N.A., | : | |
| | | CASE NO. CA2012-12-266 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 9/16/2013 |
| - vs - | : | |
| | : | |
| TIMOTHY J. BRYANT, et al., | : | |
| Defendants-Appellants. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2007-12-5005

Carpenter, Lipps & Leland LLP, David A. Wallace, Jeffrey A. Lipps and Joel E. Sechler, 280 North High Street, Suite 1300, Columbus, Ohio 43215, for plaintiff-appellee

McGookey Law Offices LLC, Daniel L. McGookey, Kathryn M. Eyster and Lauren E. McGookey, 225 Meigs Street, Sandusky, Ohio 44870, for defendants-appellants, Timothy J. Bryant and Gloria J. Bryant

**S. POWELL, J.**

{¶ 1}   Defendants-appellants, Timothy J. Bryant and Gloria J. Bryant, appeal from the Butler County Court of Common Pleas decision granting a judgment decree of foreclosure in favor of plaintiff-appellee, U.S. Bank, N.A.  For the reasons outlined below, we affirm.

{¶ 2}   The Bryants are owners of real property located at 7214 Barrett Road, West Chester, Butler County, Ohio ("Property").  On June 21, 2005, the Bryants executed an

adjustable rate note and mortgage through Argent Mortgage Company, LLC ("Argent"). Argent then executed a Corporation Assignment of Mortgage to GMAC Mortgage, LLC ("GMAC"), which transferred and assigned all of its rights, title and interest in the mortgage together with the notes described therein. A Securitized Trust was later established and a Trust Agreement was executed identifying U.S. Bank, N.A., as trustee ("U.S. Bank"). Included within the trust assets was the note at issue here.

{¶ 3} In August of 2007, the Bryants stopped making their required monthly payments on their mortgage. At that time, due to an increased interest rate of 10.5%, the Bryants' mortgage payments had ballooned to approximately $1,600 per month. As a result of the Bryant's failure to pay, GMAC filed a complaint seeking to foreclose on the Property on December 27, 2007. After some delay, which included protracted litigation based on the Bryants' motion for contempt, as well as GMAC's motion for sanctions, GMAC assigned all of its interest in the note and mortgage to U.S. Bank on August 24, 2009. Thereafter, the trial court issued an order on February 4, 2010 substituting U.S. Bank as plaintiff for GMAC.

{¶ 4} After several additional delays, including a stay due to the Bryants filing for bankruptcy, the trial court completed a four-day bench trial on August 17, 2012. Following the bench trial, the trial court issued a decision granting a judgment decree of foreclosure to U.S. Bank allowing it to foreclose on the Property.[1] The Bryants now appeal from the trial court's decision granting U.S. Bank the judgment decree of foreclosure, raising a single

---

1. The trial court also issued two interlocutory decisions in this matter. The first denied the Bryants' motion to dismiss on the issue of standing, whereas the second denied the Bryants' motion to dismiss based upon U.S. Bank's alleged failure to produce the original note. The Bryants did not appeal from either of these decisions, and therefore, any such issues will not be addressed here. However, suffice it to say that we agree with the United States Bankruptcy Court for the Southern District of Ohio when it found the trial court in this matter "painstakingly and carefully considered all of the evidence and applied the relevant Ohio law" before finding GMAC and U.S. Bank "had standing and were the proper parties to bring the foreclosure suit." *In re Bryant*, Case No. 1:11-bk-10542 (Bankr.S.D.Ohio 2011) (order granting limited relief from stay); *see also BAC Home Loans, LP v. Mapp*, 12th Dist. Butler No. CA2013-01-001, 2013-Ohio-2968, ¶ 14, citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 28 (a party need only to establish an interest in either the note or the mortgage at the time the complaint is filed in order to have standing to prosecute a foreclosure action).

assignment of error for review.

{¶ 5} THE TRIAL COURT ERRED IN GRANTING JUDGMENT IN FORECLOSURE TO U.S. BANK, NA, AS TRUSTEE, AND ERRED IN FINDING THAT EQUITY DID NOT BAR U.S. BANK, NA, AS TRUSTEE FROM BEING GRANTED RELIEF.

{¶ 6} In their single assignment of error, the Bryants argue the trial court erred in granting U.S. Bank's request to foreclose on the Property. In support of this claim, although not particularly clear, the Bryants essentially argue the trial court's decision allowing U.S. Bank to foreclose on the Property was inequitable and amounted to an abuse of discretion. We disagree.

{¶ 7} As this court has stated previously, a mortgage foreclosure action involves two issues: "the first is whether the mortgagor has defaulted upon the terms of the mortgage, and the second is whether the mortgagor's equity of redemption should be cut off." *Rosselot v. Heimbrock*, 54 Ohio App.3d 103, 105 (12th Dist.1988), citing *Wheatstone Ceramics Corp. v. Turner*, 32 Ohio App.3d 21 (12th Dist.1986), paragraph two of the syllabus; *see also Gevedon v. Hotopp*, 2d Dist. Montgomery No. 20673, 2005-Ohio-4597, ¶ 28. In other words, "once a court has determined that a default on an obligation secured by a mortgage has occurred," such as the case here, "it must then consider the equities of the situation in order to decide whether foreclosure is appropriate." *Rosselot* at 106.

{¶ 8} "As an equitable remedy, a trial court's decision to grant foreclosure is reviewed for an abuse of discretion." *Chase Home Fin., L.L.C. v. Heft*, 3d Dist. Logan Nos. 8-10-14 and 8-11-16, 2012-Ohio-876, ¶ 25; *Stidham v. Wallace*, 12th Dist. Madison No. CA2012-10-022, 2013-Ohio-2640, ¶ 8; *Buckeye Retirement Co., L.L.C. v. Walling*, 7th Dist. Mahoning No. 05 MA 119, 2006-Ohio-7059, ¶ 16. A decision constitutes an abuse of discretion only when it is found to be unreasonable, arbitrary, or unconscionable. *State ex rel. Ebbing v. Ricketts*, 133 Ohio St.3d 339, 2012-Ohio-4699, ¶ 13; *Blakemore v. Blakemore*, 5 Ohio St.3d

217, 219 (1983). "Deference is always due in an abuse-of-discretion case." *State ex rel. Nese v. State Teachers Retirement Bd. of Ohio*, Slip Opinion No. 2013-Ohio-1777, ¶ 28.

{¶ 9} Initially, the Bryants argue it was inequitable to grant a foreclosure in this matter because the trial court failed to enforce the consent judgment decree reached in *United States v. Bank of America Corp.*, D.C.Cir. No. 1:12-cv-00361, which settled certain state and federal investigations against the nation's five largest mortgage servicers relating to mortgage servicing, foreclosure, and bankruptcy abuses. However, the Bryants did not appeal from the trial court's decision finding the consent judgment decree inadmissible and irrelevant. In fact, the Bryants do not even mention the trial court's evidentiary ruling in their appellate brief. By not appealing from the trial court's decision, we find the Bryants have effectively waived any argument on appeal relating to the application of the consent judgment.

{¶ 10} Regardless, even if the Bryants had appealed from the trial court's evidentiary ruling, which they did not, it is well-established that "[t]he admission or exclusion of relevant evidence rests within the sound discretion of the trial court." *Ohmer v. Renn-Ohmer*, 12th Dist. Butler No. CA2012-02-020, 2013-Ohio-330, ¶ 17, quoting *State v. Sage*, 31 Ohio St.3d 173 (1987), paragraph two of the syllabus. Based on the record here, it simply cannot be said that the trial court abused its discretion in excluding the consent judgment decree at trial. This is particularly true considering the Bryants merely provided the trial court with an uncertified copy of a portion of the decree printed from an online docket that was missing all attached exhibits. The Bryants also failed to provide any evidence the consent judgment was applicable to U.S. Bank or that they met the "eligibility requirements" entitling them to relief. Therefore, the Bryants' claim that the trial court erred in allowing U.S. Bank to foreclose on the Property based on the consent judgment decree in *United States v. Bank of America Corp.*, D.C.Cir. No. 1:12-cv-00361, is wholly without merit and overruled.

{¶ 11} Next, the Bryants argue it was inequitable to allow U.S. Bank to foreclose on

the Property because they "face a greater loss if equitable relief is unfairly granted than does [U.S. Bank] if equitable relief were denied." In support of this claim, the Bryants insist foreclosure in this matter is improper because the Property is their primary investment and most valuable possession and a foreclosure would "leave them in financial ruin[.]" However, the Sixth District Court of Appeals has already determined this is an insufficient basis upon which to reinstate a mortgage. *See, e.g., Genoa Banking Co. v. Bergman*, 6th Dist. Ottawa No. OT-12-038, 2013-Ohio-3054, ¶ 11 (finding foreclosure equitable even though appellants faced a greater potential loss upon foreclosure where appellants failed to pay their loan obligation). Certainly, in nearly every foreclosure action the mortgagor in default will bear grievous consequences from a judgment in the mortgagee's favor. *See CitiMortgage, Inc. v. Schippel*, 6th Dist. Erie No. E-11-041, 2012-Ohio-3511. Accordingly, this argument is likewise without merit and overruled.

**{¶ 12}** Finally, relying on the Third District Court of Appeals decision in *PHH Mtge. Corp. v. Barker*, 190 Ohio App.3d 71, 2010-Ohio-5061 (3d Dist.), the Bryants argue it was inequitable to allow U.S. Bank to foreclose on the Property because they "made more than reasonable efforts to keep their home" through their loan modification efforts. However, unlike the homeowners in *Barker*, the Bryants have not alleged U.S. Bank made any material misrepresentations regarding the status of their repayment, nor have they alleged that they cured the default and foreclosure was nevertheless pursued. In fact, quite the opposite has occurred for it is undisputed that the Bryants were in default on the note and yet still refused all attempts to modify the loan in order to avoid foreclosure on the Property. As the trial court explicitly found, "U.S. Bank has made numerous offers to settle at low fixed interest rates and with mortgage payments around the original payments" required under their previous loans.[2]

---

2. Three loan modification offers were provided to the Bryants, all of which provided significantly better terms than the note and mortgage at issue here – an adjustable rate loan with a 10.5 percent interest rate and a total

The Bryants' claim otherwise is false and nothing more than a mischaracterization of the record before this court.

{¶ 13} Nevertheless, the Bryants argue the multiple offers to modify the loan were "unreasonable" and that it is "not fair" to order foreclosure. However, as the trial court properly concluded, absent a provision within the note or mortgage, "there are no requirements that a bank negotiate with a homeowner for a loan modification or enter into a loan modification with a homeowner." In fact, as previously noted by the Ohio Supreme Court, "[the lender]'s decision to enforce the written agreements cannot be considered an act of bad faith." *Ed Schory & Sons, Inc. v. Soc. Natl. Bank*, 75 Ohio St.3d 433, 443 (1996); *Bank of New York Mellon v. Ackerman*, 2d Dist. Montgomery No. 24390, 2012-Ohio-956, ¶ 8. Simply stated, U.S. Bank was no more required to modify a loan to terms that the Bryants want than the Bryants are required to pay U.S. Bank more to than they had originally agreed.

{¶ 14} After a thorough review of the record, we find the Bryants simply failed to comply with the terms of the note and mortgage, thus prompting foreclosure on the Property. The trial court's decision allowing U.S. Bank to foreclose on the Property was therefore properly supported by the record and did not amount to an abuse of discretion. *See, e.g., Bank of New York Mellon Trust Co. v. Fox*, 6th Dist. Ottawa No. OT-11-046, 2012-Ohio-6245, ¶ 13 (finding foreclosure was equitable where homeowners admitted they were in default on the note and there were no allegations regarding any material misrepresentations regarding the bank's willingness to aid them in avoiding foreclosure); *Soverign Bank v. Flood*, 6th Dist. Erie No. E-11-072, 2013-Ohio-725, ¶ 18 (finding foreclosure was equitable irrespective of any alleged misdeeds by the lender where homeowners had not made any payment on the note

payoff amount of approximately $230,000. The most recent loan modification offer provided a loan forgiveness of approximately $40,000 with 4 percent fixed interest rate on a principal balance of $192,106.78, thus requiring total monthly mortgage payments of $1,249.14, including escrow payments for insurance and taxes. This offer was nevertheless rejected.

for over two years).  Accordingly, as there was no error in the trial court's decision allowing U.S. Bank to foreclose on the Property, the Bryants' single assignment of error is overruled.

{¶ 15}  Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.