CITY LOAN & SAVINGS CO., APPELLEE, *v.* HOWARD ET AL., APPELLANTS; FULTON & GOSS, INC., APPELLEE.

(No. 83 CA 38—Decided April 26, 1984.)

*Mr. Phillip Beard* and *Mr. Gordon Arnold,* for City Loan & Savings Co., Vella Brown and John Whitacre.

*Mr. David J. Boyd,* for Benton G. Howard and Rosemary Howard.

*Mr. Emerson R. Keck,* for Fulton & Goss, Inc.

McBRIDE, J. These consolidated appeals represent procedural misadventures experienced when the principal parties sued each other and entangled themselves, others and the legal process in a galaxy of procedural details. We will not follow the jet stream pursued by the parties but in the interest of judicial economy respond to the assignments of error after pointing out the pad from which they launched their flights into the litigious blue yonder.

On August 5, 1982, City Loan & Savings Company filed a one-count complaint against Benton and Rosemary Howard requesting a judgment on a note and foreclosure of a second mort-

gage on real estate. Fulton & Goss, Inc. was joined as the holder of the first mortgage. On August 24, 1982, the Howards responded by filing a separate complaint against two individuals and City Loan & Savings for an invasion of the right of privacy resulting from acts designed to collect payments on the note and second mortgage.

In its final action, the trial court granted summary judgment to Fulton & Goss on the cross-claim on its first mortgage and granted City Loan & Savings a judgment for foreclosure on its second mortgage. The defendants appealed. In the action by the Howards for invasion of privacy, the trial court sustained a motion to dismiss and the Howards also appealed that action.

### 1

The first assignment of error states:

"The court erred in overruling without a hearing and without specifying why it refused to do so, appellant's [sic] motion to consolidate the case of *City Loan & Savings Co.* v. *Benton Howard, et al.*, Case No. 82 CV 559 with that of *Benton G. Howard et al.* v. *City Loan & Savings Co.* Case No. 82-CV-614."

Appellants' first argument is that Civ. R. 42(A) requires a hearing by the trial court before denying a motion to consolidate. Appellants sought to consolidate the invasion of privacy action with the action on the note and mortgage. We find no merit to this assignment.

Civ. R. 42(A) requires the existence of a common question of law or fact. Appellants do not argue here that there is any similarity between the two separate actions. It is apparent from the pleadings that a similarity does not exist, that proof of the note and mortgage along with evidence of the independent tort action would be an unnecessary burden, confusing to the court and more especially the jury.

Consolidation of cases is discretionary.

Civ. R. 42(A) requires a hearing only when consolidation is ordered. It does not require a hearing when it is apparent from the record that a hearing would be improper and possibly violate Civ. R. 42(B).

We find no error and no abuse of discretion in the denial of the motion to consolidate.

### 2

"It is submitted that the lower court in the case of *City Loan & Savings Co.* v. *Benton G. Howard et al.*, Case No. 82 CV 559 erred to the prejudice of the appellants in ordering that certain unspecified issues were to be heard by a referee and other unspecified issues were to be heard by a jury."

Appellants' first issue, as stated and argued, is that under their demand for a jury trial in the foreclosure action, they were entitled to a jury on both issues, the note and the mortgage. The appellee, Fulton & Goss, concedes that whether separated into different counts in the complaint or not, the action on the note was a jury issue under R.C. 2311.04. The action in foreclosure was equitable in nature and may be heard by the court. Neither party is entitled to a jury as a matter of right in an equitable action.

Where, as here, the complainant seeks a personal judgment on the note, it may waive its right to proceed to personal judgment and proceed only on the second count. There was no such waiver in this case.

However, the Howards in their answer did assert defenses to the second mortgage note, some of which were affirmative. It is not necessary in this case to distinguish or characterize the defenses as legal or equitable because there is a denial of default along with an assertion that all payments due on the note were made which required a determination by a jury.

Under these circumstances, the issues of this note, the valid defenses

and the request for personal judgment must be resolved first before proceeding into the question whether the mortgage should be foreclosed. Determination of the legal questions, triable by a jury, must be resolved first before the court, or a referee if the case be assigned, may proceed to resolve the equitable issues on the mortgage.

The appellants on December 22, 1982 filed objections to the reference to a referee. While overly broad, they raised the question we have here.

The entry of the court on January 6, 1983, in which the case was assigned to a referee, recognized that there was a claim for personal judgment for default on the note and that this issue required a jury, a right the court found had not been waived. Under these circumstances, the reference was premature even though the language of the order was limited to the foreclosure portion of the action. If the jury found that no default existed, there would be no necessity to proceed further.

The referee indicated at the commencement of his hearing that the only issue he had to decide was "whether or not the defendants were in default." He expressed concern for the equitable nature of certain of the affirmative defenses to the legal action on the note. Such concerns are not raised in this assignment which relates to the resolution of the first cause of action by the referee. The referee indicated that the parties would be limited to the question of the payment or nonpayment on the note. While this issue may establish or defeat the claim for proceeding in foreclosure, it was an issue on the note for which the appellants were entitled to a jury.

The referee adequately expressed his confusion as to what was equitable and within his assignment and what was not. However, he suggested that "we go ahead" and "get rid of the whole thing here," which he did when he found the note in default and recommended foreclosure of the mortgage. This action bypassed the right of the mortgagor to a jury trial on the legal issues on the note and avoided any decision as to how equitable defenses, if any, as may have been asserted, should be disposed of by the court.

As indicated by the referee, he disposed of the "whole thing" and resolved issues that were not subject to either the equitable jurisdiction of the court or the right to assignment and hearing by a referee.

The result was a denial of the right to trial by jury, prejudicial to the appellants.

This assignment is sustained and the judgment ordering foreclosure of the second mortgage of City Loan & Savings is reversed.

3

"The judgment of the lower court in the case of *City Loan & Savings Co.* v. *Benton G. Howard et al.*, Case No. 82 CV 559 in overruling the report and recommendation of its referee and granting summary judgment to the appellee Fulton & Goss Inc. which motion for summary judgment was not filed until after the case had been set for both pretrial and trial and without leave of the court was clearly erroneous and prejudicial to the appellant."

As so often happens when a second mortgagee initiates foreclosure, lurking in the background was Fulton & Goss, the holder of a first mortgage and a party defendant in the initial action. On December 30, 1982, this party obtained leave and filed a cross-claim on its note, mortgage and tax advances. On the same day, all parties joined in filing a stipulation of facts as to the note, mortgage and the priority of this lien. The Howards filed an answer admitting all allegations excepting three paragraphs which they denied. This answer to the cross-complaint did not request a jury.

On February 2, 1983, Fulton & Goss

moved for summary judgment on their cross-claim based upon exhibits of the note and mortgage (previously stipulated) and an affidavit of the collection agent for the mortgagee. The affidavit recited a balance due of $39,271.74, a failure to make any payment since May 1982 and the existence of default for payment. It is dated January 20, 1983.

On February 16, 1983, appellants filed a memorandum in opposition to the motion for summary judgment for the reason that it was filed without leave after the action had been set for pretrial and trial contrary to Civ. R. 56(A). Appellants claimed the court lost jurisdiction to proceed on the motion for summary judgment. Fulton & Goss, as appellee, filed a reply memorandum asserting their cross-claim was not assigned for trial; that leave was in fact orally granted to file the motion and requested a *nunc pro tunc* entry on same and further that appellant be granted an additional two weeks to file against the motion for summary judgment.

On March 10, 1983, the referee filed a report on the testimony taken as to the City Loan & Savings mortgage and filed a separate report on the motion for summary judgment by Fulton & Goss. As to the latter, he reported only that he found no leave of court of record for the filing of the summary judgment and pursuant to Civ. R. 56(A) he recommended that the motion for summary judgment be denied.

On March 21, 1983, Fulton & Goss filed a motion for leave to file or refile its motion for summary judgment as of such date as leave is granted. This motion recites that rather than object to the ruling of the referee denying judgment, the movant sought to avoid delay incident to appeal by obtaining written leave and resubmitting its motion for summary judgment.

However, on March 28, 1983, the trial judge filed an entry recognizing that "within its own knowledge" the court had granted leave to Fulton & Goss to file its motion for summary judgment. The court then set aside the recommendation of the referee and granted summary judgment to Fulton & Goss for the amount set forth in the affidavit and that appellants' equity be foreclosed. On April 8, 1983, the court journalized *nunc pro tunc*, as of December 15, 1982, leave to this appellee to file its original motion for summary judgment. The trial court confirmed its own action, disregarding the request of the appellee to resubmit its motion for summary judgment.

On April 25, 1983, Fulton & Goss moved for vacation of the judgment in its favor on the cross-complaint and for an order after vacation for leave to refile its motion for summary judgment. The memorandum recites that notice of appeal was filed to the judgment in its favor and that vacation was requested to avoid the delay incident to the appeal by, in effect, resubmission of its motion for summary judgment. There is no record of any action by the trial court on the motion to vacate its own judgment by Fulton & Goss. As indicated, the trial court merely confirmed its original action awarding judgment.

Returning to the referee's report filed March 10, 1983, it recites that the matter was heard on the motion for summary judgment and that the appellants were present at the hearing. If there was any question of notice or timing on the motion, it was waived by appellants' appearance and failure to file any evidence in opposition to the merits of the motion. The referee made no factual finding other than the procedural defect of a failure to obtain an entry for leave under Civ. R. 56(A), upon which he recommended denial of the motion for summary judgment.

Despite the procedural posture or postures, was the trial court in error in rejecting the report of the referee and awarding judgment on the motion where

the records filed justified such action because the appellants filed no responsive evidence to the issue of default and have not to this day asserted any facts or objections to the contrary on the merits?

The only objection appellants have ever made to the motion was procedural and this was corrected by the *nunc pro tunc* entry. Appellants were denied no right or opportunity because they appeared at the hearing on the motion for summary judgment and accordingly can claim no misunderstanding or prejudice by reason of the *nunc pro tunc* recording of the grant of leave to file.

The issue of the granting of leave to file a motion for summary judgment is one solely for the trial judge. Since the record of filings supported the action of the trial court on the motion, particularly since appellants filed nothing, the trial court did not err in awarding summary judgment on the note and first mortgage to Fulton & Goss.

The third assignment of error is denied and the judgment on the cross-complaint of Fulton & Goss will be affirmed.

4

"The lower court in the case of *City Loan & Savings Co.* v. *Benton G. Howard,* Case No. 82 CV 559 committed prejudicial error in accepting the report and recommendation of the referee and entering its judgment thereon in favor of the appellee City Loan and Savings Co."

In view of our conclusion on the second assignment of error and the reversal of the judgment in favor of the second mortgagee, City Loan & Savings, for the reasons stated therein, this fourth assignment is similarly sustained.

5

"It is submitted that the lower court erred in the case of *Benton G. Howard et al.* v. *City Loan & Savings Co. et al.*

Case No. 82 CV 614 in granting the motion of the appellees, John C. Whitacre, Vella Brown and City Loan Co. to dismiss appellants' complaint."

This final assignment turns to the separate cause of action, separately filed by appellants against the parties mentioned above based upon an alleged invasion of privacy. This tort action was dismissed by the court in the following entry:

"On April 5, 1983, the Appellant [*sic*] filed a Motion to Dismiss, predicated upon the fact that a like action is pending under Case No. 82 CV 559.

"It was brought to the attention of the Court that Service was first attained in the instant case, therefore this case had priority. The Court takes the position that since substantial action was taken in Case No. 82 CV 559, that the issue of timely service was never waived during these proceedings and shall deem [*sic*] to have been waived.

"The motion to Dismiss is sustained.

"Exceptions noted.

"So ordered."

Appellees developed the unique argument that (as a result of the separate docket system) the judge to whom a case is first assigned acquires jurisdiction; that cases determining jurisdiction over cases filed later in different courts are applicable here; and that, therefore, jurisdiction follows the case in which jurisdiction is acquired by first service. This argument is totally false.

Conflict of jurisdiction is not involved as both cases were filed in the same court. Jurisdiction is not related to the divisions of the same court or to the number of judges within a single division. Constitutionally, the court of common pleas, including its divisions, is a single court. Such court has control over the administration and trial of cases filed regardless of the date of filing of the complaints. The supervision and ad-

ministration of cases is a duty of the court under the Rules of Superintendence.

Here, the issues in the two pending cases became intertwined when appellants again asserted the invasion of privacy question as a cross-complaint against City Loan & Savings in the foreclosure action. Consolidation of the two separate cases was requested by appellants, and denied properly as we have found in the first assignment. While administrative questions remained for the conduct of trials, the solution was separation or realignment of issues and not dismissal. Management of multiple cases may be handled by administrative assignment to the same judge in instances when cases are not consolidated or when similar issues are separately filed. This problem is one for the court and the judge assigned to supervise its administration.

The argument is repeated under this assignment that the foreclosure and the invasion of privacy arose out of the same occurrence or transaction. There is no merit to such position. The facts and the law of the transaction involving the mortgage loan and the subsequent occurrence giving rise to the claim of invasion of privacy are completely separate and independent, having no relation factually other than the first made the second possible.

The dismissal of the invasion of the privacy case mistakenly and for technical reasons was in error and with no reservation for refiling was prejudicial. Further, the final disposition of the foreclosure action by City Loan & Savings referred to in the dismissal is negated by the reversal of that judgment by this court under the second and fourth assignments of error.

The fifth assignment is sustained and the dismissal will be reversed.

*Judgment accordingly.*

BROGAN, P.J., and KERNS, J., concur.

McBRIDE, J., retired, of the Second Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.