OPINION
Richard Modler is appealing from a grant of summary judgment to defendants-appellees, Angela Modler and her attorney, H. Charles Wagner, in appellant's defamation action against them. He also is appealing from the denial of his motion for relief from that judgment.
In his decision granting the defendants' motion for summary judgment, the Hon. Jeffrey E. Froelich set forth the facts and the issue presented, as follows:
 The time-line of even potentially relevant dates and events is as follows:
 y October 1994 — Richard and Angela Modler are married;
 y October 1994 — Richard and Angela Modler move into the property located at 4389 Choctaw Trail in Jamestown and soon thereafter execute a mortgage in favor of Neil and Donna Manor, the parents of Richard Modler;
 y October 1998 — Richard and Angela Modler separate;
 y November 30, 1998 — Angela Modler files Case No. 98-DV-212 in the Greene County Common Pleas Court, Domestic Relations Division, and obtains an Order which, among other things, grants her exclusive possession of the Choctaw residence and requires Richard Modler to pay, among other things, all mortgage payments, utility payments, taxes, and insurance with respect to the Choctaw residence;
 y December 2, 1998 — Angela Modler files for divorce in Case No. 98-DR-723 in the Greene County Common Pleas Court, Domestic Relations Division;
 y February 8, 1999 — Neil and Donna Manor file a Complaint for Foreclosure on the Choctaw Trial [sic] mortgage in the Greene County Common Pleas Court, Civil Division, Case No. 99-CV-70; the Complaint alleges that Richard and Angela Modler have not paid the note according to the terms thereof which required monthly payments;
 y May 6, 1999 — Neil and Donna Manor file a Motion for Summary Judgment in the foreclosure action, Case No. 99-CV-70, in which they state, among other things, that the note and mortgage are more than 60 days delinquent due to the failure of the mortgagees to pay for the months of November 1998, December, 1998, January 1999, and/or February 1999;
 y May 24, 1999 — Angela Modler, through her attorney, H. Charles Wagner, files a Motion and Memorandum in Opposition to the Motion for Summary Judgment; the Motion and Memoranda state, among other things, that Richard Modler had intentionally failed to pay the mortgage indebtedness despite a court order and was acting in concert with his family, Donna and Neil Manor;
 y June 4, 1999 — Angela Modler, in the foreclosure action, files a "Corrected Memorandum in Support" stating that any reference in the Memorandum in Opposition to the Motion for Summary Judgment that Richard Modler had not paid his child support obligation was incorrect in that it had been paid through the offices of the attorneys in the case;
 y June 14, 1999 — the summary judgment motion is granted in the foreclosure action, Case No. 99-CV-70.
The Plaintiff, Richard Modler, has filed a defamation action against the Defendant, Angela Modler, and her attorney, H. Charles Wagner, alleging that the following defamatory statements were made in the Memorandum in Opposition to Motion for Summary Judgment with attached affidavit filed on May 24, 1999;
 y That the Plaintiff (Richard Modler) intentionally failed to pay the mortgage indebtedness on the marital real estate;
 y That the Plaintiff is attempting to deprive Affiant [Angela Modler] of marital assets by the involuntary sale of marital real estate;
 y That the Plaintiff is attempting to deprive Affiant of marital assets in violation of her spousal support and property rights;
 y That the Plaintiff has failed and refused to pay child and spousal support as required by Court order.
The question before the Court at this summary judgment stage is whether or not these statements are absolutely privileged.
Docket 41.
Then, after first setting forth the standards for granting summary judgment in Ohio, the trial court referred to its earlier decision converting the defendant's motion for judgment on the pleadings to a motion for summary judgment, in which the court noted that a statement made in a pleading or a brief, even if made in actual malice, in bad faith and with knowledge of its falsity, is absolutely privileged if it has some reasonable relation to the judicial proceeding in which it appears, citing Surace v. Wuliger (1986), 25 Ohio St.3d 229, syllabus, and Bigelow v. Brumley (1941), 138 Ohio St. 574. The court then proceeded with the following analysis and decision:
 It is apparent from the face of the pleadings and the evidentiary material before the Court that the alleged defamatory statements were part of a pleading filed in Greene County Common Pleas Court Case No. 99-CV-70 (the foreclosure action).
 The Plaintiff in the defamation action contends that the statements made by the Defendants in the foreclosure action are "totally unrelated" to that action, that they do not bear a "reasonable relation to the proceeding," and that therefore they are not absolutely privileged. The Defendants argue that the home was a "significant marital asset in the marriage . . . [and that] the house was the main issue in the foreclosure action."
As stated in this Court's previous decision, statements made in pleadings are not actionable where the statement bears some "reasonable relation" to the matters at hand. Surace v. Wuliger (1986),25 Ohio St.3d 229 . Surace also discussed the development of this standard. In Mauk v. Brundage (1903), 68 Ohio St. 89, 97-98, the Court held:
 "In order to be privileged, the [defamatory] statement must be pertinent and material to the matter in hand. To be pertinent and material, it must tend to prove or disprove the point to be established, and have substantial importance or influence in producing the proper result . . . . Whether or not the occasion gives the privilege is a question of law for the Court . . . ."
 Mauk set forth a relatively strict standard which has been variously termed as the "legally relevant" or "pertinence to the occasion" test. A defamatory statement under this guideline was said to be absolutely privileged only when the statement was material and pertinent to the subject matter in which it appeared. In addition, the Mauk Court made it clear that it is a question of law for the Court to determine whether a statement, alleged to be defamatory, should be accorded absolute privilege. Subsequently, in Erie County Farmers Insurance Co. v.Crecelius (1930), 122 Ohio St. 210, the Court held in the syllabus that "no action will lie for any defamatory statement made by a party to a court proceeding, in a pleading filed in such proceeding, where the defamatory statement is material and relevant to the issue."
In Bigelow v. Brumley (1941), 138 Ohio St. 574, the court further refined the tests of Mauk and Erie County by stating that questions concerning the applicability of absolute privilege depend on whether the alleged defamatory statement has reference and relation to the subject matter of the action in which it is found. The Court went on in _Surace
to state the current standard "that a defamatory statement made in a written pleading does not state a cause of action where the alleged defamatory statement bears some reasonable relation to the judicial proceeding in which it appears." Surace, 25 Ohio St.3d at 233.
Thus the standard for absolute privilege in pleadings has evolved from "pertinent and material" to "material and relevant" to "reference and relation" to today's "reasonable relation." The Court held this "is a logical and natural progression of the law which strikes the proper balance between considerations of constitutional due process and the public policy underlying the necessity of an absolute privilege in judicial proceedings." Id.
As in Surace, the "crucial inquiry left to be determined is whether the alleged defamatory pleading in issue bears some reasonable relation to the . . ." foreclosure action. Id at 234. In Krakora v. Gold (Sept. 28, 1999), Mahoning County App. No. 98-CA-141, unreported, the attorney for a person being investigated by his insurance carrier for possible arson, wrote to the insurance company's attorney suggesting that a particular polygraph examiner was not suitable. The Court found the statements to be absolutely privileged since they were written about matters that were reasonably related to anticipated judicial proceedings. In Elsass v. Tabler (March 25, 1999), Franklin County App. No. 98-AP-837, unreported, the daughter of the deceased wrote a letter to the Office of Disciplinary Counsel of the Supreme Court stating that she had reason to believe that the attorney who had written her father's will had taken advantage of her father's old age and mental and physical conditions for his own personal financial gain. The Court of Appeals held that these statements were reasonably related to a pending bar association investigation.
In Surace itself, an individual (not a party to the litigation) characterized as a "known underworld figure" in written pleadings in a RICO action brought suit against Plaintiff in that action and Plaintiff's attorney alleging that the pleading was libelous. The Court held that even though the party alleged to have been defamed was left with no alternative remedy to pursue, the statement still is privileged.
An action in foreclosure is equitable in nature. City Loan and Savingsv. Howard (1984), 16 Ohio App.3d 185 . Further, since a mortgage is merely an incident of the obligation which it secures, defenses that could be asserted in an action on the indebtedness secured may be asserted against the foreclosure proceeding and any defense, _legal orequitable, which shows that Plaintiff was not entitled to foreclosure may be interposed. Apparently, it was the belief of Angela Modler that her estranged husband, Richard Modler, and his parents had colluded to foreclose on the marital real estate in an effort to force its sale at less than the appraised value and thereby deprive her, Angela Modler, of her fair equitable interest in the marital real estate [commodum exinjura sua non habere debet (no person out [sic-ought] to derive any advantage by his own wrong). Whether or not this theory is true is irrelevant to the defense of absolute privilege. The allegations do, however, have something to do with the foreclosure and reasons why the Defendant in the foreclosure, Angela Modler, believed as a matter of law and/or equity that she should be heard; therefore, the allegations are reasonably related to the foreclosure action.
This is entirely consistent with the decision granting summary judgment on the foreclosure action where the Greene County Common Pleas Court noted that "the mere fact that Angela Modler alleged bad faith and possible collusion upon the part of the Plaintiffs and Defendant Roger Modler, without providing any substantiating evidence, did not create a question of fact to preclude a motion for summary judgment. As there is absolutely no evidence substantiating the claims and allegations of collusive behavior, the Court finds no genuine issue of material fact exists and the Plaintiffs are entitled to judgment as a matter of law." The negative pregnant of this finding is that if Angela Modler had provided some substantiating evidence of her allegation of bad faith and possible collusion, there would be a "genuine issue of material fact" and therefore summary judgment would not have been granted. A "material fact" is one "necessary to determine the issues," Black's Law Dictionary (6 Ed. Rev. 1991) 674, and the Court was thereby acknowledging that evidence of collusion would be "reasonably related" to the cause of action.
Similarly, the Greene County Court noted that "the Defendant Angela Modler could have cross-claimed against Defendant Roger Modler and/or may properly seek to protect and enforce her marital rights in the Division of Domestic Relations Court." With this reference, the Greene County Common Pleas Court even more directly suggests that the albeit-unsubstantiated allegations of the Defendant could have given rise to a cross-claim in the foreclosure action. Civ.R. 13(G) only allows a cross-claim by one party against another party "arising out of the transaction or occurrence that is the subject matter. . ." of the original action. See, for example, State ex rel. Barth v. HamiltonCounty Board of Elections (1992), 65 Ohio St.3d 219.
Whereas the alleged defamatory statements are in a court pleading and have some reasonable relation to the proceeding in which they appear, they are absolutely privileged. The Motion of the Defendants for Summary Judgment is GRANTED.
Docket 41.
The foregoing analysis by the trial court states the correct law, and the court made the correct decision. We hereby adopt and approve the trial court's decision and opinion as our own.
In overruling the plaintiff's motion for relief from that judgment, the court stated:
 The essence of the Plaintiff's argument is that the trial court misapplied the summary judgment standard, failed to consider an alleged defamatory statement made by the Defendants, and otherwise "committed plain error that must be corrected at this time." In essence, the Plaintiff's motion complains that the trial court's decision was wrong. Probably the only error this Court has not made from time to time is claiming that it has never made an error. Even if the court were to find that it did err, there is no authority for a trial court to reconsider a final appealable order. Pitts v. Department of Transportation (1981), 67 Ohio St.2d 378.
Docket 44.
We find, here again, that Judge Froelich's analysis and decision are correct, and we hereby adopt and approve it as our own.
Both assignments of error are overruled, and the judgment is affirmed.
 _________________________ FREDERICK N. YOUNG, J.
BROGAN, J. and WOLFF, J., concur.