[Cite as *Rokakis v. W. Res. Leasing Co.*, 2011-Ohio-1926.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95058**

## JAMES ROKAKIS,
## TREASURER OF CUYAHOGA COUNTY

PLAINTIFF-APPELLEE

vs.

## WESTERN RESERVE LEASING CO., ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-660808 and CV-681162

**BEFORE:** Jones, J., Blackmon, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** April 21, 2011

**ATTORNEY FOR APPELLANT**

Daniel M. Roth
1359 Fox Run Drive
Suite 105
Willoughby, Ohio 44094


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Adam D. Jutte
      Anthony Giunta
      Michael A. Kenny, Jr.
      Colleen Majeski
      Judith Miles
      Gregory B. Rowinski
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, J.:

**{¶ 1}** Defendant-appellant, Western Reserve Leasing Company appeals from the April 2010 trial court judgment wherein the trial court overruled Western Reserve's objections to the magistrate's decision, adopted the magistrate's decision, and ordered foreclosure of the subject property on Caine Avenue in Cleveland. We affirm.

## I. Procedural History and Facts

**{¶ 2}** In May 2008, plaintiff-appellee, James Rokakis, Cuyahoga County Treasurer, initiated this tax foreclosure action against Western Reserve. Two other foreclosure actions filed by the treasurer against Western Reserve concerning contiguous parcels on Caine Avenue were consolidated with this case. The tax that had been certified was based on unpaid water bills for the parcels.[1]

**{¶ 3}** In December 2008, Rokakis filed an amended complaint, and in February 2009, Western Reserve answered the amended complaint and requested a trial by jury. At a February 2009 hearing, the magistrate questioned the identity and legal status of the record titleholder. As a result of the hearing, Rokakis filed a second amended complaint, adding Lillian Roth and her unknown spouse as new party defendants.

---

[1]In 2005, Western Reserve sued the city of Cleveland and the Northeast Ohio Regional Sewer District ("NEORSD") relative to the same water bills. The claims against NEORSD were dismissed because of Western Reserve's failure to exhaust its administrative remedies. Western Reserve voluntarily dismissed its remaining claims. *W. Res. Leasing Co. v. Rokakis*, Cuyahoga County Common Pleas Case No. CV-564582.

{¶ 4} Another hearing was held in April 2009. At the hearing, Western Reserve's counsel accepted service of the second amended complaint for Lillian Roth. Defense counsel also challenged the foreclosure proceeding on the ground that the certification as a tax of the unpaid water bills constituted an unconstitutional taking of property without due process of law. The trial court granted Western Reserve until May 27, 2009 to brief the issue.

{¶ 5} On May 27, Western Reserve filed its brief. The trial court found Western Reserve's brief unacceptable "journalism or discursive diatribe," rather than legal argument.[2] In a June 2009 entry, the court granted Western Reserve until August 10, 2009 to "present a legal basis for challenge of the certified delinquency." The court warned that "failure to submit meaningful, substantiated legal argument will result in the case proceeding to decision." Western Reserve did not file a brief, and in November 2009, the magistrate issued a decision finding that a decree of foreclosure should issue. In December 2009, the trial court vacated the magistrate's decision, however, because of defense counsel's "insistence that there is a violation of due process in this foreclosure proceeding."

{¶ 6} A hearing was held on February 25, 2010. The following day, February 26, the magistrate found that the taxes and other charges were due and payable and that a decree of foreclosure should issue. The magistrate's decision was filed on March 1, 2010, and on

---

[2]Western Reserve's brief acknowledged that its previous claims against the NEORSD in 2005 based on the same water bills at issue here were dismissed because of its failure to exhaust it administrative remedies. It cited an exposé by the Cleveland Plain Dealer about billing practices at the city's division of water in support of its constitutional challenge.

March 10, 2010, Western Reserve filed objections. The trial court overruled the objections, adopted the magistrate's decision, and ordered a decree of foreclosure. Western Reserve now appeals, assigning the following errors for our review:

> "[I.] The trial court erred by denying Defendant [its] constitutional right to a trial by jury as set forth in Section 1.05 of the Ohio Constitution. Defendant had properly demanded [its] right to a trial by jury in the Answer filed in the matter below.

> "[II.] The trial court erred by denying Defendant [its] constitutional right to due process of law by generally failing to conduct the proceedings below in accordance with the Ohio Civil Rules and further failing to conduct the proceedings below in accordance with R.C. 323.25.

> "[III.] The trial court erred by denying Defendant [its] ability to defend against Plaintiff's claims by offering evidence tending to refute them, specifically testimony from officials at the Cleveland Division of Water relative to the water and sewer bill for a portion of the subject real property which had been converted into a tax.

> "[IV.] The trial court erred in the procedure followed by the trial court at the February 25, 2010, hearing that resulted in the final judgment violated due process, the Ohio Civil Rules and R.C. 323.25.

> "[V.] The trial court erred by not sustaining Defendant's objections to the Magistrate's Decision that was entered on March 1, 2010."

## II. Law and Analysis

A. Right to a Jury Trial

{¶ 7} In its first assignment of error, Western Reserve contends that the trial court denied it of its constitutionally guaranteed right to a jury trial. We disagree.

{¶ 8} In support of its contention, Western Reserve cites Section 1, Article V, Ohio

Constitution, which provides in part that "[t]he right of trial by jury shall be inviolate * * *." This right has not been extended, however, to all civil actions. In particular, it is well established that parties to an equitable action are not entitled to a jury trial as a matter of right. *City Loan & Sav. Co. v. Howard* (1984), 16 Ohio App.3d 185, 475 N.E.2d 154, paragraph two of syllabus. A foreclosure action is equitable in nature and may be heard by a court. Id. at 186. As the Ohio Supreme court stated in *Alsdorf v. Reed* (1888), 45 Ohio St. 653, 17 N.E. 73:

> "Where, in such action, the prayer is for an ordinary decree of foreclosure and order of sale, the action is one for relief other than money only; and, although an issue of fact may be joined on a plea by the garnishee * * *, neither party is entitled to demand a jury for the trial of the issue, and either may appeal from a final judgment rendered against him in the action." Id. at paragraph two of the syllabus.

{¶ 9} An exception to the general rule that a party is not entitled to a jury trial in foreclosure actions applies when there is a claim for a personal judgment against a party. See *Sec. Fed. Sav. & Loan of Iowa v. King* (Aug. 25, 1983), Cuyahoga App. Nos. 44864 and 45071; *Grapes v. Barbour* (1898), 58 Ohio St. 669, 675, 49 N.E. 306. There was no claim in this case for a personal judgment against Western Reserve or Lillian Roth; therefore, they were not entitled to a jury trial.

{¶ 10} In light of the above, the first assignment of error is overruled.

B. Due Process

{¶ 11} For its second assigned error, Western Reserve contends that it was denied due

process of law because the trial court did not follow the procedures for a tax foreclosure action under R.C. 323.25. Western Reserve contends in this assignment that there was no evidence offered, either through a trial or summary judgment exercise, to support the final judgment. Western Reserve claims that it was prepared to present testimony at the hearing that was scheduled for February 25, 2010, but the magistrate "changed her mind and sandbagged the parties instead."

{¶ 12} R.C. 323.25, governing the enforcement of tax liens, provides that foreclosures based on tax liens proceed in the same way mortgage liens are foreclosed on. Loc.R. 24 of the Court of Common Pleas of Cuyahoga County, General Division, governs foreclosure, quiet title, and partition actions, and states that "[j]udges reserve the discretion to set case management orders and rules of procedure."

{¶ 13} The record in this case shows that the court wished to resolve this matter on the written documentation before it. The court afforded Western Reserve two opportunities to pursue its constitutional challenge. First, in April 2009, the court granted Western Reserve until May 27 to file a brief on its constitutional challenge. Western Reserve filed a brief, but the trial court found it unacceptable. Thus, the court granted Western Reserve a second opportunity to file a brief. In a June 2009 entry, the court specifically informed Western Reserve that "[f]ailure to submit meaningful, substantiated legal argument will result in the case proceeding to *decision.*" (Emphasis added.) Western Reserve failed to file a brief.

{¶ 14} Moreover, even after the magistrate issued a decision in November 2009, the

trial court vacated the decision and held another hearing because of Western Reserve's "insistence that there is a violation of due process." After "review of the argument and submission of the parties," the magistrate found that foreclosure should issue.

{¶ 15} On this record, we do not find that the judgment was "entered out of the blue * * * [with] no legal basis whatsoever," as Western Reserve contends. The court was afforded discretion to set orders and the rules of procedure. See Loc.R. 24 of the Court of Common Pleas of Cuyahoga County, General Division. The court did not abuse that discretion. Accordingly, the second assignment of error is overruled.

C.    Overruling Objections to the Magistrate's Decision

{¶ 16} Western Reserve's final three assignments of error relate to the trial court overruling its objections to the magistrate's decision and adopting the magistrate's decision as the court's final judgment.

{¶ 17} Civ.R. 53(D)(4)(d) provides that "[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Since this provision requires a de novo review, the trial court may not merely "rubber stamp" the magistrate's decision. *Knauer v. Keener* (2001), 143 Ohio App.3d 789, 793, 758 N.E.2d 1234; *Roach v. Roach* (1992), 79 Ohio App.3d 194, 207, 607 N.E.2d 35. "Thus, '[t]he trial court should not adopt challenged [magistrate's] findings of fact unless the trial court fully

agrees with them-that is, the trial court, in weighing the evidence itself and fully substituting its judgment for that of the [magistrate], independently reaches the same conclusion.'" *McCarty v. Hayner*, Jackson App. No. 08CA8, 2009-Ohio-4540, ¶17, quoting *DeSantis v. Soller* (1990), 70 Ohio App.3d 226, 233, 590 N.E.2d 886.

{¶ 18} An appellate court presumes that the trial court conducted an independent review of the magistrate's decision unless the appellant affirmatively shows that the trial court failed to conduct such an independent analysis. *McCarty* at ¶18, citing *Hartt v. Munobe*, 67 Ohio St.3d 3, 7, 1993-Ohio-177, 615 N.E.2d 617. In addition, the fact that the trial court adopted the magistrate's decision in no way shows that the trial court did not exercise independent judgment. *State ex rel. Scioto Cty. Child Support Enforcement Agency v. Adams* (July 23, 1999), Scioto App. No. 98CA2617.

{¶ 19} Within these assignments of error, Western Reserve contends that the trial court erred in overruling its objections because it did not afford Western Reserve the opportunity to challenge the water bills and there was no evidence to support the treasurer's claim for taxes due. We disagree.

{¶ 20} In regard to Western Reserve's claim that it was not afforded an opportunity to challenge the water bills, the record shows that Western Reserve failed to exhaust its administrative remedies, which would have allowed for such challenge. Specifically, the NEORSD has rules of procedure under which a ratepayer may challenge billings. After exhausting those procedures, a ratepayer can appeal to the common pleas court under R.C.

Chapter 2506 if the ratepayer is not satisfied with NEORSD's determination. The exhaustion of administrative remedies doctrine requires that where an administrative remedy is available, relief must be sought by exhausting the remedy before a court will act. *Nemazee v. Mt. Sinai Med. Ctr.* (1990), Ohio St.3d 109, 564 N.E.2d 477, syllabus. Western Reserve did not avail itself of the administrative process and, therefore, the trial court did not need to address its claims of sewer use and charges.

{¶ 21} In regard to Western Reserve's claim of lack of evidence to support the taxes due, we review R.C. 743.04 governing the assessment and collection of water rents. That section provides in pertinent part as follows:

"When water rents or charges are not paid when due, the director or other official or body may do either or both of the following:

"(A) Certify them, together with any penalties, to the county auditor. The county auditor shall place the certified amount on the real property tax list and duplicate against the property served by the connection if he also receives from the director or other official or body additional certification that the unpaid rents or charges have arisen pursuant to a service contract made directly with an owner who occupies the property served.

"The amount placed on the tax list and duplicate shall be a lien on the property served from the date placed on the list and duplicate and shall be collected in the same manner as other taxes * * *.

"(B) Collect them by actions at law, in the name of the city from an owner, tenant, or other person who is liable to pay the rents or charges."

{¶ 22} Western Reserve contends that "there is absolutely no evidence * * * of any kind to support Plaintiff's claim for taxes due." But the certificate of delinquency filed by the

auditor with the prosecuting attorney is prima facie evidence of the amount and validity of the taxes and of their nonpayment. See *Geauga Cty. Treasurer v. Pauer* (June 30, 1993), Geauga App. Nos. 92-G-1722 and 92-G-1724.

{¶ 23} Further, as previously discussed, we are likewise not persuaded by Western Reserve's contention that the judgment was "entered out of blue." In June 2009, Western Reserve was put on notice that the trial court was ready to proceed to "decision." A hearing was held on February 25, 2010. Western Reserve has not filed a transcript or recording from the hearing.[3] Apparent from the magistrate's filing of February 26, the day after the hearing, and other documentation in the record, is the following. On February 13, 2010, defendant Lillian Roth passed away. At the February 25 hearing, the parties and the court discussed service of the second amended complaint on the heirs of Lillian Roth. Western Reserve's counsel indicated that he would provide the names and addresses of the heirs to plaintiff's counsel, which he did that same day, via email, and plaintiff's counsel informed the court.

{¶ 24} The next day, February 26, the magistrate sent an email to counsel stating that she was "caught in a fog of unthinking at the hearing yesterday when she ordered 45 days leave to join the heirs of Lillian Roth." In a filing issued that same day, the magistrate explained that "despite the parties planned exchange of contact information for the heirs of Lillian Roth their notification of pending proceedings is not determinative of the outcome of this matter."

---

[3]In its objections to the magistrate's decision, Western Reserve stated that a court reporter was not present for the hearing, but that a "record of proceedings was made with an electronic recording

The magistrate found, "upon review of the argument and submission of the parties," that foreclosure of the property should issue. Thus, the "fog of unthinking" that Western Reserve references relates only to the issue of the necessity of Lillian Roth's heirs as parties to the action.

**{¶ 25}** In sum, Western Reserve has not demonstrated that the magistrate improperly determined the factual issues or the law. Further, Western Reserve has not demonstrated that the trial court failed to conduct an independent analysis in adopting the magistrate's decision. Accordingly, Western Reserve's third, fourth, and fifth assignments of error are overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, JUDGE

PATRICIA A. BLACKMON, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR

_____

device." No transcription of any recording is before this court, however.