[Cite as *Cuyahoga Cty. Treasurer v. LaRossa Property Affiliates, Ltd.*, 2025-Ohio-2768.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

TREASURER OF CUYAHOGA : 
COUNTY, OHIO

    :

    Plaintiff-Appellee,

    :          No. 114183

    v.

    :

LAROSSA PROPERTY AFFILIATES,
LTD, ET AL.,          :

    Defendants-Appellants.    :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 7, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-965553

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Adam Jutte, Assistant Prosecuting
Attorney, *for appellee.*

Law Offices of Bruce M. Broyles and Bruce M. Broyles, *for appellants.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Appellants LaRossa Property Affiliates, Ltd. and Liberty Holdings Group, LLC (collectively, "appellants") appeal the judgment of the trial court

overruling appellants' objections to the magistrate's decision and adopting the magistrate's decision. After a thorough review of the facts and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} On June 30, 2022, the treasurer of Cuyahoga County, Ohio ("treasurer") filed a complaint, delinquent land certificate, and preliminary judicial report against appellants for collection of delinquent taxes, assessments, penalties and interest, and foreclosure and equitable relief associated with permanent parcel No. 003-12-013, located at 4204 Detroit Avenue in Cleveland, Ohio.

{¶ 3} In December 2022, appellants answered. Thereafter, the matter was set for a tax hearing for February 2023, and the treasurer filed a City of Cleveland land affidavit and a final judicial report. The journal entry following the hearing indicated that "the parties are attempting to settle and [appellants] are trying to complete a sale on the property," and thus the trial court continued the hearing. In April 2023, the trial court's journal entry provided that the "parties are finalizing settlement."

{¶ 4} The parties never reached a settlement, and in June 2023, the magistrate's issued a decision in favor of treasurer. Appellants filed a motion to set aside the magistrate's decision and objections to the magistrate's decision. Relevant to this case, the court's ruling on these motions provided that there was not a recording of the tax hearing for the court to reference in ruling on the objections, and as such, the court set a new tax hearing.

{¶ 5} The second tax hearing was held telephonically on January 18, 2024, before the magistrate, after which the magistrate again issued a decision finding in favor of the treasurer. Appellants again filed a motion to set aside the magistrate's decision and objections. The court held a hearing on the objections and the resulting journal entry provided, "Case called for a hearing on 07/01/2024. All parties appeared through counsel. Parties spoke with the judge. Hearing did not go forward. Objections to magistrate's decision dated January 18, 2024, filed 01/31/2024, are overruled." A journal entry adopting the magistrate's decision followed.

{¶ 6} Appellants filed the instant appeal on July 21, 2024; after a bankruptcy stay and attempts at mediation, we now consider the appeal, which assigns the following errors for our review:

> I. The trial court abused its discretion in adopting the magistrate's decision dated January 18, 2024.

> II. The trial court erred in overruling appellants' objections to the magistrate's decision dated January 18, 2024, and adopting the magistrate's decision dated January 18, 2024.

## II. Law and Analysis

{¶ 7} Appellants' first assignment of error challenges the trial court's alleged failure to perform an independent review of the appellants' objections to the magistrate's decision, arguing that the journal entry does not explicitly state that the trial court undertook an independent review of the magistrate's objections.

{¶ 8} Civ.R. 53(D)(4)(d) requires that the court "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." "'A failure of the trial court to conduct an independent review of the magistrate's recommendations as required by Civ.R. 53(D)(4)(d) is an abuse of discretion.'" *Walpole v. Walpole*, 2013-Ohio-3529, ¶ 47 (8th Dist.), quoting *Barrientos v. Barrientos*, 2011-Ohio-5734, ¶ 5 (3d Dist.). On appeal, we "presume that the trial court conducted an independent review of the magistrate's decision unless the appellant affirmatively shows that the trial court failed to conduct such an independent analysis." *Rokakis v. W. Res. Leasing Co.*, 2011-Ohio-1926, ¶ 18 (8th Dist.), citing *McCarty v. Hayner*, 2009-Ohio-4540, ¶ 17 (4th Dist.). An affirmative duty requires more than an inference, and an appellant must provide the court with facts to rebut this general presumption. *Scalise v. Johnston Invests., LLC*, 2021-Ohio-2916, ¶ 20 (9th Dist.).

{¶ 9} Here, appellants rely entirely on the journal entry, which lacks an affirmative statement indicating that the trial court performed an independent review. However, appellants do not point to any authority requiring that the trial court address this in the entry, nor do appellants point to any affirmative evidence in the record indicating that this independent review did not occur. In fact, the record indicates that (1) the trial court refrained from ruling on the first set of objections due to the absence of a hearing transcript and (2) the trial court set a hearing on the objections to the magistrate's decision, resulting in the journal entry indicating that the parties instead "spoke with the judge." Both of these are

indicative that the trial *did* review the objections; a hearing on the objections was set and a previous magistrate's decision was not considered because without a transcript, the court could not independently review the decision. Accordingly, appellants' have not met their burden to affirmatively demonstrate that the trial court failed to conduct the independent review required by Civ.R. 53(D)(4)(d) and we overrule appellants' first assignment of error.

{¶ 10} In appellants' second assignment of error, appellants advance several arguments relating to the procedure and evidence received during the tax-hearing process.

{¶ 11} Appellants first argue that a tax hearing may not be held telephonically, "let alone . . . in place of a trial or motion for summary judgment." This error is twofold and presents two issues: (1) whether a tax hearing may not be held telephonically and (2) whether a tax hearing can replace a trial or motion for summary judgment.

{¶ 12} We first address appellants' contention that a tax hearing cannot be held telephonically. Appellants point to a myriad of reasons that this hearing was improper, but we are more persuaded by the treasurer's citation to our existing case law, relying on the inherent authority of courts to promulgate local rules that "are created with the purpose of promoting the fair administration of justice and eliminating undue delay." *Cavalry Invests. v. Dzilinski*, 2007-Ohio-3767, ¶ 16 (8th Dist.). Under the common pleas court's local rules, Cuyahoga C.P., Gen. Div., Loc.R. 24 affords judges discretion to set case-management orders and rules of procedure

in foreclosure cases. Further, the General Assembly has instructed that in civil actions for enforcing tax liens, "the court shall advance such cause on the docket, so that it may be first heard." R.C. 323.25(F). Given the expedited nature of and evidence required for tax-foreclosure proceedings, we cannot say that the trial court's decision to hold this matter by telephone was improper.

{¶ 13} In *Rokakis*, 2011-Ohio-1926 (8th Dist.), this court previously addressed appellants' second issue pertaining to the authority of the court to hold a "tax hearing" in lieu of a hearing on a motion for summary judgment or trial. The *Rokakis* appellant challenged tax hearings as violative of due process because "there was no evidence offered, either through a trial or summary judgment exercise, to support the final judgment." *Id.* at ¶ 11. This court disagreed, finding that R.C. 323.25 and Cuyahoga C.P., Gen. Div., Loc.R. 24 afford discretion to the trial court to hold a tax hearing. *Id.* at ¶ 15. Here, appellants similarly argue that the hearing was improper because the court did not receive any evidence or swear in witnesses and that there is no basis in law for the tax hearing. We maintain our position on this issue as set forth in *Rokakis*, finding no merit to appellants' arguments and further add that R.C. 323.25(F), requiring courts to advance tax-foreclosure cases on the docket, supports the concept of the tax hearing and the administration of such hearing by a magistrate.

{¶ 14} Addressing appellants' argument disputing the "lack of evidence" and improper admission of evidence at the hearing and the documents attached to the complaint, we similarly overrule these concerns. The process of tax foreclosure has

been promulgated by the General Assembly. R.C. 323.25. Under R.C. 323.26, "it shall be sufficient for the county treasurer to allege in the treasurer's petition that the taxes are charged on the tax duplicate[,] . . . the amount of the taxes, and that the taxes are unpaid, and the treasurer shall not be required to set forth in the petition any other or further special matter relating to such taxes." And, "[a] certified copy of the entry on the tax duplicate shall be prima-facie evidence of such allegations and the validity of the taxes." *Id.*; *see also* R.C. 5721.18(A) ("[t]he certificate or master list . . . is prima-facie evidence at the trial of the foreclosure action of the amount and validity of the taxes, assessments, charges, penalties, and interest appearing due and unpaid and of their nonpayment"); *see also Treasurer of Cuyahoga Cty. v. Durham Constr. Trade Inst.*, 2021-Ohio-1960, ¶ 26 (8th Dist.).

{¶ 15} To the extent that appellants argue that the delinquent land certificate was not "certified," this is an incorrect assertion based on the statutory requirements directed towards the county auditor in certifying delinquent properties. It is apparent from the relevant statutes that "certified" in the context of tax foreclosures differs from "certified" as it relates to other evidence and documentation. R.C. 5721.13(A), governing delinquent land tax certificates specifically provides that "the county auditor shall make in duplicate a certificate, to be known as a delinquent land tax certificate, of each delinquent tract of land . . . upon which the taxes . . . have not been paid . . . and stating that the amount has been certified to the county prosecuting attorney as delinquent." The certificate must be signed by the auditor or his deputy, and the original is filed with the prosecuting attorney. *Id.* R.C.

5721.18(A); *see also Durham Constr. Trade Inst.*, 2021-Ohio-1960, at ¶ 26 (8th Dist.). Accordingly, pursuant to statute, the delinquent land certificate attached to the complaint constitutes a properly certified document that serves as prima-facie evidence of the debts at the tax hearing. Thus, the trial court did not err in relying on prima-facie evidence in the case herein.

{¶ 16} Appellants' second assignment of error is overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, JUDGE

MICHAEL JOHN RYAN, P.J., and
ANITA LASTER MAYS, J., CONCUR